IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DOPKO, JR., | : Civil No. 3:25-CV-2522 |
| | : |
| Plaintiff, | : |
| | : (Judge Saporito) |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| KYRA VELOCK, et al., | : |
| | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

This is a civil action filed by the *pro se* plaintiff, Joseph Dopko.[1]

Dopko, a resident of Arkansas, initially brought this action against four

individual residents of Pennsylvania as a diversity action, asserting state

law tort claims against them.[2]   The complaint generally alleged that the

four individual defendants, along with other individuals not named as

defendants, conspired to interfere with Dopko's employment at various

unnamed establishments, defamed him, invaded his privacy, and

intentionally caused him severe emotional distress.[3]

---

[1] Doc. 1.

[2] *Id.*

[3] *Id.*

We performed a mandatory screening of the *pro se* complaint, as Dopko filed a motion for leave to proceed *in forma pauperis*.[4] We recommended that the complaint be dismissed because it failed to comply with Federal Rule of Civil Procedure 8.[5] Specifically, we concluded that Dopko's complaint, which alleged various actions by many nonparties that spanned the course of two years and five different employment establishes, failed to identify actions taken by the defendants relevant to his legal claims.[6] Moreover, we found that the complaint failed to identify when much of the alleged conduct occurred.[7] Before the district court considered our Report and Recommendation, Dopko filed an amended complaint, which the district court remanded to the undersigned for a screening review.[8]

Dopko's amended complaint fares no better than his initial complaint. While providing some clarity as to when the events in the original complaint occurred, the amended complaint merely contains

---

[4] Docs. 8, 9.
[5] Doc. 9.
[6] *Id.*
[7] *Id.*
[8] Docs. 10, 11.

haphazard references to some of the named defendants. For example, as in his original complaint, the amended complaint details Dopko's personal relationship with Defendant Velock. [9]  He also mentions Defendant McClelland in reference to a gathering he had at his home with Velock and a non-party coworker named Jacob.[10]  Dopko alleges that Defendant Velcamp worked with him at one of his places of employment and caused him trouble, including splashing water on him and spitting on food.[11]  As to Defendants Meier and Plantmura, Dopko sporadically asserts that these individuals subjected him to inappropriate conversations about his personal life.[12]  Dopko also makes random references to Defendants Costello and Musto.[13]  The gravamen of the amended complaint is that these defendants, along with other nonparties, engaged in conduct that made Dopko uncomfortable in the workplace, such that he left the employment establishments to find work elsewhere.

---

[9] *See e.g.,* Doc. 10 at 17-22, 27-29.
[10] *Id.* at 18.
[11] *Id.* at 9.
[12] *Id.* at 14-15, 19-20, 29-30.
[13] *Id.* at 11, 15, 22, 24, 29.

Based on this narrative, Dopko again asserts state law claims against the individual defendants for (1) tortious interference with employment; (2) tortious interference with prospective economic advantage; (3) defamation; (4) intentional infliction of emotional distress; and (5) conspiracy.[14]   The amended complaint contains no request for relief.

After consideration, we will recommend that the motion for leave to proceed IFP be granted for screening purposes only, but that the plaintiff's amended complaint be dismissed.

## II.    Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*.[15]   We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim

---

[14]  *Id.* at 36-38.
[15]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

upon which relief may be granted. [16]   This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[17]

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." [18] In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant."[19]   However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."[20]

---

[16] *Id.*
[17] Fed. R. Civ. P. 12(b)(6).
[18] Fed. R. Civ. P. 8(a)(2).
[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).
[20] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[21]

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record.[22]   A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[23]   Additionally,

---

[21] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

[22] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[23] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192,

if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[24]   However, the court may not rely on any other part of the record when deciding a motion to dismiss.[25]

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'"[26]   We must apply the relevant law even if the *pro se* plaintiff does not mention it by name.[27]

### B. The Amended Complaint Should be Dismissed.

After consideration, we conclude that the amended complaint continues to violate Federal Rule of Civil Procedure 8 and should be dismissed.   Rule 8 dictates that a complaint must contain "a short and

---

1196 (3d Cir. 1993).

[24] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

[25] *Jordan*, 20 F.3d at 1261.

[26] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).

[27] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

plain statement of the claim showing that the pleader is entitled to relief."[28]  It is well established that "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"[29]  A complaint must contain "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]." [30] Additionally, a complaint must contain "a demand for the relief sought."[31]

Dopko's amended complaint suffers from many of the same flaws as his initial complaint.  References to the named defendants are sporadic and random, and Dopko fails to connect much of the alleged conduct of these individuals to his legal claims.  For example, the only allegations against Defendant Costello are that she received information about his personal life from Defendant Velock and eavesdropped on his conversations at work.  Defendant Plantamura is alleged to have made inappropriate comments, either to Dopko or about him, that referenced

---

[28]  Fed. R. Civ. P. 8(a)(2).

[29]  *Fowler*, 578 F.3d at 211 (citations omitted).

[30]  *Id.* (citing *Twombly*, 550 U.S. at 555).

[31]  Fed. R. Civ. P. 8(a)(3).

8

his personal life.   Dopko asserts that Defendant Musto gave false information to management in an attempt to get him fired, although he does not allege the specifics of that information.   He further alleges that Defendant Meier has a history of being inappropriate with minors over video games but fails entirely to connect these allegations to his legal claims.   As to Defendant Velock, Dopko alleges what appears to be a tortured and volatile personal intimate relationship, which he claims she brought into his work life at several establishments.

These sporadic, and oftentimes unconnected, factual allegations fail to support the plaintiff's tort claims brought against the defendants. The random nature of these allegations leads us to conclude that the amended complaint continues to violate Rule 8, in that it contains mere "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." [32] Moreover, and significantly, the amended complaint fails to contain a request for relief in violation of Rule 8.

Accordingly, we will recommend that the amended complaint be dismissed without prejudice to afford the plaintiff one final opportunity

---

[32] *Fowler*, 578 F.3d at 211 (citing *Twombly*, 550 U.S. at 555).

9

to amend the complaint to endeavor to state a claim upon which relief may be granted.[33]

## III.    <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED THAT the plaintiff's motion for leave to proceed IFP be conditionally GRANTED, but that the amended complaint be DISMISSED without prejudice to the plaintiff filing an amended complaint within 21 days of any dismissal order.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

---

[33] *See Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 31st day of March 2026.


_s/ Daryl F. Bloom_
Daryl F. Bloom
Chief United States Magistrate Judge

11