UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DOPKO JR., | |
| Plaintiff, | CIVIL ACTION NO. 3:25-CV-2522 |
| v. | (SAPORITO, J.) |
| KYRA VELOCK, et al., | |
| Defendants. | |

## ORDER

The plaintiff initiated this action on December 29, 2025. (Doc. 1). On January 27, 2026, the *pro se* plaintiff moved for leave to proceed *in forma pauperis*. (Doc. 8). On March 5, 2026, Chief United States Magistrate Judge Daryl F. Bloom issued a report and recommendation recommending that the plaintiff's motion for leave to proceed *in forma pauperis* be conditionally granted but the plaintiff's complaint be dismissed without prejudice to the plaintiff filing an amended complaint within twenty-one days after entry of the Court's order. (Doc. 9). Objections to the report and recommendation were due by March 21, 2026, but on March 12, 2026, the plaintiff filed an amended complaint against the defendants. (Doc. 10). We subsequently deemed Judge Bloom's report and recommendation as moot, finding that under Rule

15(a)(1)(A) of the Federal Rules of Civil Procedures, "[a] Party may amend its pleading once as a matter of course no later than 21 days after serving it." Fed. R. Civ. PR. 15(a)(1)(A). Accordingly, we referred the case to Judge Bloom for pretrial management, and to conduct a screening of the plaintiff's amended complaint. (Doc. 11).

Now before the court is a report and recommendation of Judge Bloom, in which he recommends that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 8) be conditionally granted, but the plaintiff's amended complaint (Doc. 10) be dismissed without prejudice to the plaintiff filing an amended complaint within twenty-one (21) days of any dismissal order. (Doc. 12). Judge Bloom previously recommended that the plaintiff's original complaint be dismissed because it violated Rule 8 of the Federal Rules of Civil Procedure. *See* (Doc. 9). He explained that "it is entirely unclear how [the plaintiff] links the named defendants to the conduct alleged to have occurred" and "[the plaintiff] fails to allege facts to establish when much of the alleged conduct occurred." (Doc. 9, at 9). Here, Judge Bloom found that the plaintiff's amended complaint suffers from many of the same flaws as his initial complaint. As he found before, "[r]eferences to the named defendants are sporadic and random,

- 2 -

and [the plaintiff] fails to connect much of the alleged conduct of these individuals to his legal claims." (Doc. 12, at 8). Therefore, Judge Bloom recommends that the plaintiff's amended complaint be dismissed without prejudice to the plaintiff filing an amended complaint within twenty-one (21) days of any dismissal order.

No timely objections have been filed to the report and recommendation, resulting in the forfeiture of de novo review by this court. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Bloom's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.    The report and recommendation of Judge Bloom (Doc. 9) is

**ADOPTED** in its entirety; and

2.　　The plaintiff's amended complaint (Doc. 10) is **DISMISSED**

**without prejudice,** and the plaintiff is granted leave to file an amended

complaint within **twenty-one (21) days** after entry of this order.

Dated: May 1, 2026　　　　　　　　*s/Joseph F. Saporito, Jr.*
　　　　　　　　　　　　　　　JOSEPH F. SAPORITO, JR.
　　　　　　　　　　　　　　　United States District Judge